I disagree with the majority decision ordering defendant to pay continuing total disability benefits.
G.S. § 97-18(b) and § 97-82(b) create a direct pay option whereby the employer/insurer may pay compensation to the employee without Commission approval, and without incurring the burden of disproving a presumption of disability which attaches to a Form 21 agreement for payment of continuing total disability benefits. Payment pursuant to G.S. § 97-18(b), i.e., the Form 60 procedure, constitutes an award of the Commission on issues of compensability of the injury and the insurer's liability therefor, see G.S. § 97-82, but plaintiff, when called to task, must prove his wage-earning disability. What incentive is there for employers or insurers to exercise the Form 60 option if the employee is given the benefit of a presumption in any event?
Nevertheless, irrespective of the burden of proof issue, the evidence in this case established that plaintiff was not entitled to total disability benefits under the Act after 4 March 1996. Plaintiff's treating physician, Dr. McAvoy, released plaintiff to return to work on 4 March 1996 at the modified job offered by defendant. Plaintiff had not yet reached maximum medical improvement. Dr. McAvoy recommended that plaintiff return to the modified position as a necessary component of plaintiff's medical rehabilitation. A refusal to attempt a modified, light duty job to facilitate rehabilitation would in most cases constitute a refusal of rehabilitative treatment under G.S. §97-25, justifying suspension of all benefits. Whether the modified job might otherwise constitute "make work" is irrelevant under such circumstances, particularly in this case, because Dr. McAvoy anticipated that plaintiff would be able to return to his regular job three months after the surgery, or by early April 1996.
It appears undisputed that plaintiff could not return to work on 4 March 1996 because of the intervening vascular problem, which was exacerbated by plaintiff's continued cigarette smoking and was not in any way related to his work injury. Even the vascular problem did not prevent plaintiff from returning to work as of his release from Dr. Denton sometime later that month. Furthermore, while plaintiff appeared to have had some residual pain following the back surgery, which is not uncommon, as of 23 September 1996, he was not taking any medications for back pain. There is, therefore, no basis for ordering defendants to continue paying total disability benefits to plaintiff. But for his vascular problem, plaintiff would have been able to return to work in his regular job.
For the foregoing reasons, I respectfully dissent.
 S/_____________ RENEE C. RIGGSBEE COMMISSIONER